### B. F. DRAKENFELD & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. May 19, 1909.)

#### No. 5,282.

1. CUSTOMS DUTIES (§ 26*)—CLASSIFICATION—COPPER PLATES.
  The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 176, 30 Stat. 165 (U. S. Comp. St. 1901, p. 1644), for "copper in rolled plates, called braziers' copper, sheets," etc., covers planished copper plates.
  [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 26.*]

2. CUSTOMS DUTIES (§ 38*)—CLASSIFICATION—PLANISHING.
  Copper in the form of planished plates has been manufactured enough to be taken out of the provision for "copper in plates * * * not manufactured," in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 532, 30 Stat. 197 (U. S. Comp. St. 1901, p. 1682).
  Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below is reported as G. A. 6,748 (T. D. 28,920).

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. The importations in question, consisting of planished copper plates, were classified by the collector as manufactures of metal under Tariff Act July 24, 1897, c. 11, § 1, Schedule C,

par. 193, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1645). The importers claim primarily that said importations are free of duty under section 2, Free List, par. 532, 30 Stat. 197 (U. S. Comp. St. 1901, p. 1682), as "copper in plates * * * not manufactured." The protests also set forth alternative claims under section 1, Schedule C, pars. 166 and 176, 30 Stat. 165 (U. S. Comp. St. 1901, pp. 1643, 1644).

I agree with the board that this merchandise has been manufactured enough to take it out of paragraph 532; but it ought not to go in the catch-all provision for manufactures of metal (paragraph 193) if it can be properly placed elsewhere. The relevant portions of paragraphs 166 and 176 are as follows:

"166. Steel plates engraved, stereotype plates, electrotype plates, and plates of other materials, engraved or lithographed, for printing, twenty-five per centum ad valorem."

"176. Copper in rolled plates, called braziers' copper, sheets, * * * two and one-half cents per pound. * * *"

The article in question, if it had been engraved, would undoubtedly be classifiable under paragraph 166. Copper in rolled plates or sheets would seem to have been provided for by Congress in paragraph 176. If the collector and the Board of General Appraisers were right in their reasoning, they would seem to be charging Congress with the intention of classifying this article at a 45 per cent. rate before it is engraved and at a 25 per cent. rate after engraving. If the courts accepted such an interpretation, the importer would be apt to have his plates engraved on the other side of the water, to the detriment of the American engraver, as well as the finisher. I think the goods at issue ought to be classified under paragraph 176.

The decision of the Board of General Appraisers is reversed.